UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **NYLIFE SECURITIES LLC,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Cause No.  1:24-cv-00098-HAB-SLC |
| ) | |
| **JAMES MYERS,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

On March 1, 2024, Plaintiffs NYLife Securities LLC and New York Life Insurance Company filed a complaint in this Court against Defendant James Myers, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Plaintiffs' allegations about the parties' citizenship in the complaint are inadequate to establish diversity jurisdiction. To begin, the complaint alleges that Plaintiff New York Life Insurance Company "is a mutual insurance company registered with the State of New York," with its principal place of business in New York. (ECF 1 ¶ 2). "The citizenship of a mutual insurance company turns on the corporate form it is considered to be by applicable state law." *Henderson v. Myers*, No. 1:23-cv-02153-JMS-MG, 2024 WL 361386, at *1 (S.D. Ind. Jan. 31, 2024) (citation omitted); *see also Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 550-51 (7th Cir. 1988) (stating that a Texas mutual insurance company was an unincorporated association under Texas law, while a Minnesota mutual insurance company was a corporation

under Minnesota law). Therefore, Plaintiffs "must set forth what corporate form [New York Life Insurance Company] is considered to be under applicable state law and then set forth its citizenship accordingly." *Henderson*, 2024 WL 361386, at *1.

Next, the complaint alleges that Plaintiff NYLife Securities LLC "is a Delaware limited liability corporation [and] . . . . is a wholly owned subsidiary of New York Life Insurance Company." (ECF 1 ¶ 3). But this Plaintiff's name suggests it is a limited liability *company*, not a corporation. The citizenship of a limited liability company (LLC) "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Merely stating that an entity is "wholly owned" by another entity is insufficient. Rather, the Court must be advised of the identity and citizenship of each member of an LLC for purposes of diversity jurisdiction. For any member who is an unincorporated association such as an LLC or partnership, Plaintiffs must trace the member's citizenship through all applicable layers of ownership to ensure that no member shares a common citizenship with Defendant. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Finally, the complaint alleges that Defendant Myers "is a resident of the State of Indiana." "But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). Accordingly, the Court must be informed of Defendant's domicile.

For these reasons, Plaintiffs are AFFORDED to and including March 26, 2024, to file a

supplemental jurisdiction statement that adequately alleges each party's citizenship. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (stating that the party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the requirement of complete diversity has been met).

SO ORDERED.

Entered this 12th day of March 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge