UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **NYLIFE SECURITIES LLC,** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
|     v. | ) Cause No. 1:24-cv-00098-HAB-SLC |
| | ) |
| **JAMES MYERS,** | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

On March 25, 2024, Plaintiffs filed a supplemental jurisdictional statement in accordance with the Court's Order dated March 12, 2024, in an effort to establish diversity jurisdiction. (ECF 5, 8). A deficiency, however, exists in the supplemental jurisdictional statement in that Plaintiffs allege Defendant's domicile "on information and belief." (ECF 8 ¶ 3). "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

Consequently, Plaintiffs are AFFORDED to and including April 3, 2024, to file an amended supplemental jurisdiction statement that adequately alleges Defendant's citizenship. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (stating that the party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating

that the requirement of complete diversity has been met).

SO ORDERED.

Entered this 27th day of March 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge